IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 1:17-CR-162 |
| v.   ) | |
| ) | The Honorable T.S. Ellis |
| RAGAI ABDELRASOUL, ) | |
| a/k/a "Rizzy The Kid," ) | 18 U.S.C. 922(g)(3) |
| ) | (Possession of a firearm by an unlawful |
| Defendant.   ) | user of controlled substances) |

## POSITION OF THE UNITED STATES ON SENTENCING

The United States of America pursuant to 18 U.S.C. § 3553(a) hereby submits its position with respect to sentencing for defendant, RAGAI ABDELRASOUL.  The United States has reviewed the Presentence Investigation Report (PSR) and concurs with the findings of the Probation Office, which indicate that the Guidelines range is 51 to 63 months of incarceration (based on a total offense level of 23 and a criminal history category of II).  In light of the factors set forth in 18 U.S.C. § 3553(a), the United States believes that a sentence at the low end of the guidelines range, with credit for time served, is both appropriate and reasonable in this case.

## BACKGROUND AND PROCEDURAL HISTORY

The defendant is a 20-year-old Virginia resident. Until his arrest, the defendant lived with his mother and maintained a relationship with his father and step-mother. He is a high school graduate and attended some college classes.  At the time of his arrest he was an intern and had previously been employed at various retail jobs.

The defendant has been a drug user since approximately 17 years old, when he began using marijuana. Until his arrest he was also a user of Xanax, which he used, without a prescription,

approximately three times per month. The defendant has a history of mental health problems and has been treated for insomnia, anxiety and depression.

In early 2017, the defendant was found in possession of a firearm, an extended magazine, Xanax tablets and marijuana during a routine traffic stop. At the time of the traffic stop, the defendant was on probation for the state offense of petit larceny. Later in the year, the defendant sold two firearms to a cooperating defendant who the defendant believed to be prohibited from possessing a firearm. One of the firearms, a shotgun, had been purchased by the defendant, but the second firearm, a handgun, had been purchased by a third party at the defendant's request. During the sales of the two firearms to the cooperating defendant, the defendant also facilitated the purchase of marijuana and sold the cooperating defendant THC cartridges.

On June 15, 2017, the defendant was arrested for being an unlawful user of controlled substances in possession of a firearm, in violation of 18 U.S.C. 922(g)(3). On September 14, 2017, prior to indictment, the defendant pleaded guilty to the charged offense pursuant to a written plea agreement. The Court scheduled his sentencing for December 8, 2017, pending the preparation of a PSR.

## ARGUMENT

I. **A Sentence of 51 Months Complies with the Factors and Considerations in 18 U.S.C. §§ 3553(a) and (b).**

Section 3553 states that the Court should consider the nature and circumstances of the offense and the characteristics of the defendant. In addition, it states that the Court must consider other factors, including the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense; [and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). In addition, the sentence should protect the public from further crimes from the defendant, and provide the defendant with the needed correctional treatment. 18 U.S.C. § 3553(a)(2)(C) & (D). The Court must also consider the need to avoid

unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6).

Here, the defendant pleaded guilty to being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) which dictates a base offense level of 20 pursuant to the relevant Guideline, U.S.S.G. § 2L1.2(a).  In light of the defendant's sale of THC cartridges, a controlled substance, during the sale of the firearm to the cooperating defendant, the offense level is increased by four.  *See* U.S.S.G. § 2K2.1(b)(6)(B).  Because the defendant possessed at least three firearms at various times, the offense level is further increased by two points.  *See* U.S.S.G. § 2K2.1(b)(1)(A).  After receiving credit for accepting responsibility, the resulting offense level is 23.  U.S.S.G. § 3E1.1(a).  Given the defendant's Criminal History Category of II, the Guidelines range is 51 to 63 months.

The government recommends 51 months imprisonment, which is within the guidelines range as well as appropriate given the defendant's offense conduct. The defendant's crime endangered the community and requires a significant sentence to deter such dangerous behavior.  The defendant sold two firearms to a person he knew to be prohibited from possessing firearms.  He was himself prohibited from purchasing a handgun because of his age and asked another person to purchase one on his behalf.  Most significantly, the defendant, on several occasions handled firearms while under the influence of controlled substances, posing a potential danger to the community.  His criminal history, including a conviction for petit larceny for which he was on probation at the time of the instant offense, indicates increasingly serious misconduct.

The need for deterrence in this case is great. The danger posed to the community by individuals who sell firearms to other criminals is significant and requires a substantial prison sentence to deter others from engaging in such conduct.  Keeping the defendant incarcerated for a significant period will deter him from both engaging in the dangerous behavior of handling firearms

while under the influence of controlled substances and facilitating access to firearms for prohibited persons. A prison term of 51 months is substantial and will protect the public by deterring both the defendant and others from engaging in dangerous conduct

Several mitigating factors warrant consideration. The defendant is a young man and has accepted responsibility for his conduct. In addition, his treatment for mental health conditions indicate that he may be attempting to take responsibility for and cease his drug use. Moreover, the defendant has not shown a proclivity for violent behavior and has not been involved in any violent crimes. As such, the government believes that a term of 51 months is sufficient given the nature of the offense and the defendant's history and characteristics.

## **CONCLUSION**

The government believes that a term of imprisonment is warranted, and that the term of imprisonment of 51 months is not greater than necessary to comply with the purposes of sentencing. The United States respectfully recommends that the Court impose a 51 month sentence, with credit for time served.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Lilian Timmermann
Special Assistant United States Attorney
Dennis Fitzpatrick
Assistant United States Attorney

United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3973
Lilian.Timmermann@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that on December 1, 2017, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to:

>Katherine Martell, Esq.
>First Point Law Group, P.C.
>10615 Judicial Drive
>Suite 101,
>Fairfax, VA 22030
>Phone: (703) 385-6868

      In addition, I certify that on December 1, 2017, I emailed a copy of the foregoing to U.S. Probation Officer assigned to this matter:

>Kelly Smihall
>United States Probation Officer
>Phone: (703) 366-2122
>Email: Kelly_Smihal@vaep.uscourts.gov

                                                                                 /s/
                                                     Lilian Timmermann
                                                     Special Assistant United States Attorney

                                                     United States Attorney's Office
                                                   2100 Jamieson Avenue
                                                   Alexandria, Virginia 22314
                                                   Phone: (703) 299-3983
                                                   Fax: (703) 299-3980
                                                   Lilian.M.Timmermann@usdoj.gov